427 So.2d 131 (1983)
Roy Earnest BRYANT
v.
STATE of Mississippi.
No. 54005.
Supreme Court of Mississippi.
February 23, 1983.
*132 Roy O. Parker, Tupelo, for appellant.
Bill Allain, Atty. Gen., by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
BROOM, Justice, for the court:
Controlled substances possession with intent to deliver is the offense for which Roy Earnest Bryant (defendant) was convicted in the Circuit Court of Lee County. Mississippi Code Annotated § 41-29-139(a) (1972). Upon the multi-count indictment, the defendant was convicted upon two counts and sentenced to ten (10) years imprisonment, and a $7,500 fine on each of the two counts with incarceration to run concurrently on the two counts. On appeal, he argues that (1) the evidence of intent to deliver was not proven, and (2) evidence from his illegal arrest, search and seizure was erroneously introduced. We remand the cause for appropriate resentencing as set forth in this opinion.
Facts established in the record occurred principally in The Watering Hole Lounge, in Lee County, where Sheriff Robert Herring went on October 4, 1980, accompanied by Deputy Blake and a Buddy Spight. Upon arrival at the Lounge door, Sheriff Robert Herring heard the defendant from within say, "Hey, Robert", after which the sheriff asked the defendant to come to him (Sheriff Herring) because the sheriff wanted to talk to the defendant. Instead of coming to the sheriff, the defendant said, "No, hell, I'm not going to come over there, you come over here." Sheriff Herring testified that he then arrested the defendant, having observed his unusual behavior, his drinking a beer, being intoxicated, weaving somewhat, and having slurred speech. Arrest (warrantless) of the defendant was for public drunkenness. In the course of his arrest, the defendant stated he would not be carried "anywhere. You don't have a warrant"; and he resisted by fighting and kicking. Outside The Watering Hole, a "pat down" search of the defendant revealed controlled substances in his pockets. Other facts will be recited as needful to this opinion.
First, the defendant cogently argues that the evidence was insufficient to sustain the charge: possession with intent to deliver. He accurately contends the record "is totally and completely void of any proof ... concerning Appellant's intention to deliver" the controlled substances, methaqualone and diazepam. There were 55 3/4 methaqualone tablets and 85 1/2 diazepam tablets in question.
Argued by the state is its thesis that intent to deliver may be shown by circumstantial evidence. As stated in Hollingsworth v. State, 392 So.2d 515 (Miss. 1981):
[T]he inference in the present case flowing from possession of the articles mentioned could just as well infer possession for personal use as intent to deliver the contraband to another person. We are of the opinion that the evidence here, direct and circumstantial, fails to show intent, or attempt, to deliver the marijuana.
Id. at 518.
Applying the reasoning of Hollingsworth, supra, we must conclude that the state failed to prove the possession was with intent to deliver, as charged, and the conviction as to "intent to deliver" cannot stand. In reversing the conviction as to intent to deliver, we point out that the proof was totally lacking as to any sale, attempted sale, or anything suggestive of any intent to deliver. Upon the record one may ask: Had the defendant purchased the substances just prior to his arrest for his own personal use? Was he addicted to the extent that the quantity he possessed did not exceed that which he himself would consume within reasonable time limits? No proof was offered by the state with regard to any of the foregoing questions or to any fact sufficient to establish beyond a reasonable doubt that the defendant had intent to deliver. At most the proof established no *133 more than a mere suspicion of such intent. Therefore the trial court erred in letting the "intent" issue go to the jury after the defendant requested a directed verdict and peremptory instruction. As in Hollingsworth, any inference flowing from defendant Bryant's possession could infer possession for personal use just as strongly as it could infer intent to deliver.
Based upon Hollingsworth, supra, the state takes the position that if we find the evidence insufficient on "intent to deliver" we should reverse and remand "for resentencing for possession of methaqualone and diazepam" also prohibited by § 41-29-139(d), supra, also designated as 1977 Miss. Laws, Ch. 482 § 1. Hollingsworth v. State, supra, at 518; Mosley v. State, 358 So.2d 1318, 1320 (Miss. 1978). To the contrary, the defendant argues that remand for resentencing under Hollingsworth, supra, would not be proper. His demand, which we must reject, is that he be discharged after which the state may then proceed by indictment "which it thinks is appropriate".
Though not cited or discussed in the briefs before us, this proposition is controlled by Mississippi Code Annotated § 41-29-148 (1972) which reads:
§ 41-29-148. Burden of proof of exemptions and exceptions; presumption as to holding of registration or order form.
(1) It is not necessary for the state to negate any exemption in this article in any complaint, indictment or other pleading or in any trial, hearing, or other proceeding under said article. The burden of proof of any exemption or exception is upon the person claiming it.
(2) In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued under this article, he is presumed not to be the holder of the registration or form. The burden of proof is upon him to rebut the presumption.
Clearly the indictment at issue for possession with intent to deliver includes the lesser offense of possessing the controlled substance without having obtained it "directly from, or pursuant to, a valid prescription ..." as required by § 41-29-139(d), supra. Under § 41-29-148, supra, the indictment need not "negate any exemption" but the burden of establishing any exemption is "upon the person claiming it". As noted by Chief Justice Smith who wrote our opinion in Miller v. State, 105 Miss. 777, 63 So. 269 (1913), the fact of whether a defendant has a valid order or prescription is "peculiarly within his [the defendant's] knowledge" and in such event it "devolves upon him, and not the state, to establish" such an exemption. See also Falcon v. State, 226 So.2d 399 (Fla. 1969), which held in a similar situation that the state "cannot be required to prove the nonexistence of each exception".
In the case before us, defendant Bryant, who testified only during a suppression hearing and not during the trial in chief, at no time indicated he had any sort of order or prescription for the substances in controversy.
Next argument asserted by the defendant is that his warrantless arrest was made without probable cause for public drunkenness and, therefore, the drugs seized from him were erroneously admitted into evidence. Upon this record, the arrest and seizure of evidence from the defendant were proper because the sheriff arrested him for a crime: public drunkenness, committed in the sheriff's presence. Miss. Code Ann. § 99-3-7 (1972). The sheriff arrested the defendant only after observing him drinking beer, weaving somewhat and having slurred speech. Other arguments made were carefully considered by the Court but do not merit reversal.
The conviction for possession of a controlled substance with intent to deliver is reversed, but conviction for the lesser included offense of mere possession is affirmed. Remand is ordered for proper sentencing for possession, not inconsistent with this opinion.
REVERSED AS TO POSSESSION WITH INTENT TO DELIVER, AFFIRMED AS TO POSSESSION, AND REMANDED FOR RESENTENCING.
*134 PATTERSON, C.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
WALKER, P.J., dissents in part and concurs in part.
WALKER, Presiding Justice, dissenting in part and concurring in part:
I respectfully dissent from that portion of the opinion holding that a person with 140 tablets of a controlled substance on his person in The Watering Hole Lounge, a beer joint in Lee County, is not guilty of having them with the intent to deliver or sell to some third person. The majority opinion, which theorizes that he had them for his own personal use and comsumption defies logic and reason.
The effect of the opinion is to say that if you only have 140 tablets of a controlled substance in your possession that you may not be charged with intent to sell or deliver.
I do concur in that part of the opinion which holds that Bryant may certainly be charged with the offense of possession of a controlled substance in violation of law.