484 So.2d 1018 (1986)
James Alfred COYNE, Jr.
v.
STATE of Mississippi.
No. 56086.
Supreme Court of Mississippi.
February 26, 1986.
*1019 Richard Dymond, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
James Alfred Coyne was indicted on August 12, 1983 with possession of marijuana with intent to deliver. Specifically, he was charged with possession of 2,468.4 grams of marijuana, in violation of § 41-29-139 Miss., Code Ann. (1972). He was tried on August 14, 1984, the jury found him guilty, and he was sentenced to ten years in the custody of the Mississippi Department of Corrections.
Coyne has appealed, and has assigned the following as error:
I. The trial court erred in failing to dismiss the indictment against the defendant.
II. The trial court erred in failing to grant defendant's motion for a directed verdict.

STATEMENT OF FACTS
Officers from the sheriff's department of Pearl River County received information from a reliable informant that a quantity of marijuana was stored at the trailer home of James Alfred Coyne. On July 5, 1983, Fred Rester and Bobby Milner, deputy sheriffs, executed an affidavit for a search *1020 warrant, in order to search Coyne's home. On that same day, the officers, accompanied by Reggie Smith, Constable of Pearl River County, went to Coyne's home and executed the warrant.
Upon arriving at the home, Milner and Rester entered the trailer first, and found Coyne inside. Milner observed Coyne throwing a suitcase outside the back door of the trailer. After a search of the trailer, and the area  including a shed  immediately outside, Rester and Milner found the following items: (1) a brown paper bag containing 27 small plastic bags with a green leafy substance, believed to be marijuana and a small plastic bag with $60.00 cash, found in a clothes dryer; (2) a large brown suitcase containing a large plastic bag containing green leafy substance, believed to be marijuana, and a green cloth bag containing a set of scales, found on top of a tin building at back door of trailer; (3) a white paper bag containing one plastic bag containing a green leafy substance believed to be marijuana, found in a black El Camino parked in front of trailer; and (4) an aluminum pan with one plastic bag containing green leafy substance and one plastic marijuana pipe, found in the kitchen. The material seized from Coyne's trailer was brought back to the sheriff's office and secured. A photograph of it was later taken at the sheriff's office and introduced into evidence at trial. Rester originally put the marijuana in his police locker, and a deputy sheriff subsequently transported the marijuana to the Mississippi Crime Lab.
Alyson Smith tested the substance at the Mississippi Crime Lab. She verified at trial that the sample which she tested contained marijuana, and that the total quantity of marijuana seized was 2,468.2 grams. (While it was not stated at trial, this amount appears to be about 5.4 pounds.)
After testing had been completed at the Crime Lab, Sam Bodie, an investigator for the Pearl River County Sheriff's office, returned the marijuana to the sheriff's substation at the Picayune Criminal Justice Center on July 26, 1983. On October 5, 1983, Bodie noticed that his locker had been tampered with, and upon further examination, it appeared that all controlled substances had been removed from his locker. At the time of this trial, that theft was still under investigation by the City of Picayune.
Before trial, counsel for the defendant moved to make the substance seized available for testing. Both parties stipulated that testing would be impossible, due to the absence of the substance. The court allowed the motion to be expanded to include a motion to dismiss for failure of the state to produce the substance. The motion to make the substance available for testing was ultimately sustained for record purposes only; however, the motion to dismiss was overruled.
At trial, after the testimony from the state's witness, the defendant moved for a directed verdict, on grounds of failure to prove corpus delicti. That motion was overruled. The defense offered no testimony. The jury found the defendant guilty as charged, and he was sentenced to ten years.

I. Failure to Supply Marijuana at Trial

The defendant's first assignment of error alleged that the trial court erred in failing to dismiss the indictment against him, because the marijuana for which he was indicted could not be supplied by the state. He asserts that the failure to allow him an independent test and an independent opportunity to weigh the substance involved denied him due process of law, in that he was unable to effectively cross-examine the state's witnesses.
Normally, "where the outcome of the case is substantially dependent upon the identification of an alleged substance as contraband, due process requires making the substance available to the defendant for inspection and analysis." Love v. State, 441 So.2d 1353, 1354 (Miss. 1983). However, this case is distinguishable from Love, because the substance requested was unavailable to the state, as well as to the defendant, at the time of the request.
*1021 This case is more analogous to the case of Poole v. State, 291 So.2d 723 (Miss. 1974), cert. den. 419 U.S. 1019, 95 S.Ct. 492, 42 L.Ed.2d 292. In Poole the defendant was convicted of selling LSD. The tablet of LSD which was seized from him was consummed during testing. The court there upheld the defendant's conviction, stating that:
The record does not indicate that the state deliberately destroyed the substance in an attempt to avoid making it available to defendant. Due process does not require the dismissal of the charges; the state is unable to comply with defendant's motion, because the substance was exhausted in the process of analysis.
Id. at 726.
Where the state is unable to comply with a request for production of evidence because of its unavailability, the state must show that it has acted reasonably and in good faith in the premises. Johnston v. State, 376 So.2d 1343, 1346 (Miss. 1979), aff'd sub nom. Johnston v. Pittman, 731 F.2d 1231 (5th Cir.1984), cert. den., ___ U.S. ___, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985).
The appellant alleges that the marijuana was lost due to the negligence of the state. However, no evidence was produced at trial which would indicate that the state had acted unreasonably in storing the substance. The appellant has also alleged that he was effectively denied the right of cross-examination of the state's witnesses. However, counsel for the defendant did cross-examine Ms. Smith, the drug analyst for the Mississippi Crime Lab, on her procedure for testing marijuana. The defendant also alleges that it was crucial to his defense to be able to independently weigh the substance. He was charged with possession of over one kilogram of marijuana. It does not appear that an independent weighing of the substance would have made much difference to his defense in this regard. For these reasons, there is no merit to the appellant's first assignment of error.

II. Possession With Intent to Distribute

The defendant's second assignment of error alleges that the trial court erred in failing to grant his motion for a directed verdict, because there was no proof that he sold, attempted to sell, or attempted to deliver the seized marijuana. Coyne was indicted for possessing more than one kilogram of marijuana, "contrary to and in violation of § 41-29-139(a) and § 41-29-139(b)(1) of the Miss. Code Ann. (1972), as amended." Miss. Code Ann. § 41-29-139 (Supp. 1985), in pertinent part, reads as follows:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) to sell, barter, transfer, manufacture, distribute, dispense or possess with inent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance... .
Coyne was arrested in possession of over two kilograms of marijuana. There was no direct evidence that he was, at the time of his arrest, attempting to sell, barter, transfer, manufacture, distribute, or dispense the marijuana to anyone. Therefore, the question of whether he could be indicted and tried under § 41-29-139(a) must rely on circumstantial evidence. Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981).
The issue under this assignment of error is what type or quantity of evidence must be seized to support a conviction of possession with intent to distribute. Mississippi case law seems to indicate that both the quantity of the contraband seized, as well as its nature, will be determinative. In Bryant v. State, 427 So.2d 131 (Miss. 1983), the appellant had been arrested with fifty-five and three-quarters methaqualone tablets and 85 1/2 diazepam tablets. The Court reversed his conviction of possession with intent to distribute, holding as follows:
The proof was totally lacking as to any sale, attempted sale, or anything suggestive of any intent to deliver. Upon the record one may ask: Had the defendant purchased the substances just prior to *1022 his arrest for his own personal use? Was he addicted to the extent that the quantity possessed did not exceed that which he himself would consume within reasonable time limits? No proof was offered by the state with regard to any of the foregoing questions or to any fact sufficient to establish beyond a reasonable doubt that the defendant had intent to deliver. At most the proof established no more than a mere suspicion of such intent.
Id. at 132-33.
Two years later, the court rendered its decision in Breckenridge v. State, 472 So.2d 373 (Miss. 1985). In Breckenridge, police seized "fourteen different drugs, receipt and address books, $9,734.00 in cash, triple beam scales, plastic bags containing marijuana, hand-rolled marijuana cigarettes, a rolling machine and various guns and knives." Id. at 375. The Court upheld the appellant's conviction of possession with intent to distribute, holding that the case was factually distinguishable from Bryant. Justice Anderson wrote:
When we consider this evidence in the light most favorable to the state and all reasonable inferences that may be drawn from that evidence, we will not disturb a jury's verdict that these defendants did, in fact, intent to sell contraband.
Id. at 378.
The return on the warrant in this case shows that the police seized a brown paper bag which contained 27 small plastic bags of marijuana, $60.00 in cash, a large brown suitcase containing a large plastic bag full of loose marijuana, a set of scales, a white paper bag containing one plastic bag of marijuana in Coyne's car, an aluminum pan containing one plastic bag of marijuana, and a marijuana pipe. While the quantity of marijuana could not be demonstrated directly to the jury, due to the absence of the evidence, the jury was allowed to view a photograph of the evidence after it was accumulated by the police. The evidence shown in this photograph is similar to the evidence seized in Breckenridge, and is, in our opinion, sufficient to sustain the appellant's conviction. A reasonable jury may have concluded from all of the evidence that Coyne possessed the marijuana with intent to deliver.
Finding no reversible error in this case, we hereby affirm Coyne's conviction and sentence.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.