Charlie Jackson, Jr., appeals his conviction of possession of marijuana with the intent to distribute. This appeal addresses the sufficiency of the proof of possession of a controlled substance with intent to distribute. We find the State failed to prove intent to distribute the controlled substance, and remand for appropriate sentencing on the lesser included offense of possession of the controlled substance.
 FACTS
On June 23, 1988, at 8:45 p.m., Earnest Blackley, a narcotics officer, and his colleagues, Officers Trader, Sullivan and Ely, made a routine drug check of the "Douglas Club," located at the corner of Hernando and Clay Streets in Greenville, and a known drug dealing location. As Blackley entered the club, he saw Jackson standing by a couch. Jackson had a plastic bag in one hand and some money in the other. When Jackson saw Blackley he threw the plastic bag. Blackley watched the plastic bag from Jackson's hand until it landed. Blackley recovered the plastic bag. The bag contained six "nickel" bags of a substance later identified as marijuana. Jackson worked at the Douglas Club as a janitor.
Blackley arrested Jackson. In the search incident to Jackson's arrest, the officers discovered one hundred three dollars ($103) in cash in his pants pocket.
Blackley did not actually see Jackson sell any marijuana. There was no proof of a sale or transfer. Blackley, however, felt that the evidence was sufficient to establish intent to sell, distribute or transfer marijuana for the following reasons: *Page 1219 
 (1) Jackson was at a known drug dealing location,
 (2) Jackson had six "nickel" bags of marijuana within a larger plastic bag, and in Blackley's experience marijuana users only purchased one or two "nickel" bags, and
 (3) the large sum of money Jackson had in his possession at the time of the arrest.
Jackson denied that the marijuana found in the Douglas Club was his. He also denied selling or distributing the drug. He explained that the money in his possession at the time of his arrest was part of his salary of one hundred fifty dollars ($150) a week for his janitorial services.
The grand jury of Washington County indicted Charlie Jackson, Jr., for the possession of less than one ounce of marijuana with the intent to sell, transfer or distribute. He was found guilty and the circuit court sentenced him to serve a term of six years in the Mississippi Department of Corrections, and to pay a fine of $6,000.00. He was also sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1990).
 LAW I. EVIDENCE OF INTENT TO SELL.
The standard of appellate review requires the Court to consider all the evidence, not just that supporting the case for the prosecution, in the light most consistent with the verdict. Mayv. State, 460 So.2d 778, 781 (Miss. 1984). The prosecution is entitled to the benefit of all favorable inferences that may reasonably be drawn from the evidence. Glass v. State,278 So.2d 384, 386 (Miss. 1973). If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required. May, 460 So.2d at 781.
The State prosecuted Jackson under Miss. Code Ann. §41-29-139(a)(1) (Supp. 1990), which forbids possession of controlled substances with the intent to dispense. The jury was also instructed as to § 41-29-139(c), mere possession. These subsections provide:
 (a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
 (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.
 . . . .
 (c) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
Our law on this subject states intent may be established by circumstantial evidence. Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981). The quantity of the drug in itself can be sufficient to infer intent to distribute beyond a reasonable doubt. In Guilbeau v. State, 502 So.2d 639, 642 (Miss. 1987), we held that the possession of 5,100 pounds of marijuana was sufficient to establish intent to distribute. We reached the same conclusion based upon 348 pounds of marijuana in Boches v.State, 506 So.2d 254, 260 (Miss. 1987).
In other decisions the Court has held that the mere possession of a large quantity of drugs alone was not enough to establish intent to distribute. In Bryant v. State, 427 So.2d 131 (Miss. 1983), the defendant was arrested for public drunkenness. Id.
at 132. A pat down search revealed he possessed 55 tablets of methaqualone and 86 diazepam tablets. Id. The Court held "the proof was totally lacking as to any sale, attempted sale, or anything suggestive of any intent to deliver." Id.
If the quantity of the drug in itself is not sufficient to establish intent, the Court will consider both the quantity and the nature of the controlled substance. Coyne v. State,484 So.2d 1018, 1021 (Miss. 1986). Also considered is incriminating evidence *Page 1220 
indicating some involvement in the drug trade. Stringer v.State, 557 So.2d 796, 797 (Miss. 1990). The evidence sufficient to infer intent to sell must be evaluated in each case.
In Hollingsworth the defendant ran from a road block, tossing a substance presumed to be marijuana from his car windows.Hollingsworth, 392 So.2d at 516. After his arrest a search of Hollingsworth's automobile revealed "a leather bag, scales and a box of plastic bags" found to contain marijuana. Hollingsworth,
392 So.2d at 517. This Court held, "the inferences flowing from the possession of the articles mentioned could just as well infer possession for personal use as intent to deliver the contraband to another person." Hollingsworth, 392 So.2d at 518.
In Stringer v. State, 557 So.2d 796 (Miss. 1990), the police sent a confidential informant to purchase drugs from Stringer in a known drug trafficking area. Id. at 796, 798. Stringer refused to sell to the informant. Stringer, 557 So.2d at 796. The police then arrested Stringer. Stringer, 557 So.2d at 797. A search of the area revealed a small snuff can with 21 sets of T's and Blues. Id. Each set is one dose of the drugs and costs from $15 to $20. Id. The average user consumes one to three sets a day but an addict may use more than three sets a day.Id. The sets were packaged individually, and wrapped in aluminum foil, the way in which they are normally packaged for sale. Stringer, 557 So.2d at 798. We noted, however, "this is the way T's and Blues are purchased for personal consumption" and found the evidence insufficient to support a conviction of intent to distribute. Stringer, 557 So.2d at 798, 799.
Jackson was accused of the possession with the intent to distribute 4.1 grams of marijuana. The question on review is whether there was sufficient evidence for the jury to conclude beyond a reasonable doubt that Jackson intended to distribute the controlled substance rather than retaining or purchasing it for his personal use. We must answer no. The amount of marijuana in Jackson's possession in no way meets the quantity standard established by Guilbeau and Boches.
Jackson falls within the ambit of Stringer andHollingsworth. Like Stringer, Jackson was in a location known for drug dealing. Jackson had a controlled substance in his possession, 4.1 grams of marijuana, divided into six nickel bags. Officer Blackley testified that in his experience a user normally purchased only one or two nickel bags as opposed to the six found in Jackson's possession. The drugs Jackson possessed were packaged in the manner normally used for sale. This statement, however, necessarily includes the proposition that the drugs were also packaged in the manner in which they are normally purchased. Jackson also had one hundred three dollars ($103) in cash on his person. Jackson testified he earned one hundred fifty dollars ($150) a week working in the Douglas Club. Finally, Officer Blackley testified when he entered the Douglas Club, Jackson held the drugs in one hand and money in the other.
This evidence gives rise to two reasonable, but completely opposite inferences namely: Jackson was either completing a purchase or attempting to make a sale. The trial court incorrectly allowed the jury to determine which activity Jackson was engaged in on June 23, 1988. There was insufficient evidence for a reasonable jury to reach the conclusion beyond a reasonable doubt that Jackson had the necessary intent to distribute marijuana.
 II. PROOF OF POSSESSION
Jackson argues in this assignment of error that he was entitled to an acquittal. This assignment of error has no merit. Encompassed within the offense of possession with the intent to sell is the lesser included offense of possession of marijuana. The jury had sufficient evidence to find him guilty of possession of marijuana. The jury was presented with conflicting testimony concerning Jackson's possession of the marijuana. Jackson testified he had no marijuana on the day in question. Officer Blackley stated he saw Jackson with a plastic bag in his hand. Jackson threw *Page 1221 
that bag when Officer Blackley appeared. Officer Blackley watched the bag from Jackson's hands until it was in custody. The bag contained six smaller bags which were tested both in the field and in the laboratory and determined to contain marijuana.
The jury is the sole judge of the weight and credibility of the witness. Dixon v. State, 519 So.2d 1226, 1228 (Miss. 1988). This jury was certainly within its power to accept Officer Blackley's testimony rather than Jackson's.
We therefore reverse the defendant's conviction of possession of a controlled substance with intent to distribute, but affirm a conviction for the lesser included offense of possession. Remand is ordered for proper sentencing for possession of the controlled substance.
REVERSED AS TO CONVICTION OF POSSESSION WITH INTENT TO DELIVER; AFFIRMED AS TO CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE, AND REMANDED FOR RESENTENCING ON POSSESSION CHARGE ONLY.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.