593 So.2d 46 (1992)
Rhonda Sue JOWERS
v.
STATE of Mississippi.
No. 89-KA-0630.
Supreme Court of Mississippi.
January 29, 1992.
Glen W. Hall, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Rhonda Sue Jowers appeals her conviction of possession of marijuana in excess of one (1) ounce, with intent to distribute. This appeal addresses the sufficiency of the proof of possession of a controlled substance with intent to distribute. We find that the State failed to prove intent to distribute the controlled substance and, therefore, remand for appropriate sentencing of the lesser included offense of possession of the controlled substance.

FACTS
Operating on a search warrant obtained from Justice Court Judge C.L. Quick, Agents Leonard Harrison and Faron Gardner of the Mississippi Bureau of Narcotics went to the residence of Rhonda Sue Jowers and found no one at home. They entered the house through the carport door which was not locked. The officers searched the house and found a large freezer bag of marijuana wrapped in aluminum in the freezing compartment of the refrigerator. Three separate bags of marijuana were found in the lower compartment of the refrigerator. A set of portable weighing scales was also discovered in the kitchen.
While the search was underway Jowers drove up into the driveway. The officers met her and informed her they were searching her home and placed her under arrest. Gardner searched the car where he found Jowers' purse, which contained more marijuana, a second set of portable scales, *47 a "surgical tool," a cigarette lighter, rolling papers, and $356.00 in cash.
On January 11, 1989, the Leake County Grand Jury indicted Jowers for the willful, unlawful and felonious possession of an amount of marijuana in excess of one (1) ounce, with the intent to deliver in violation of Miss. Code Ann., § 41-29-139(a)(1) (Supp. 1988). Jowers was tried on May 18, 1989, convicted and sentenced to a term of eight (8) years in the custody of the Mississippi Department of Corrections.
On appeal Jowers makes seven assignments of error, six of which are without merit and do not warrant discussion. The seventh assignment of error is that the State failed to prove an essential element of the crime, i.e., intent to deliver. In this regard Jowers is correct.

THE LAW

THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE CRIME, I.E., INTENT TO DELIVER.
There was no direct evidence to establish that Jowers intended to sell or deliver the marijuana. However, the intent to sell or deliver contraband may be established by inference from circumstantial evidence. Jackson v. State, 580 So.2d 1217, 1220 (1991); Bryant v. State, 427 So.2d 131 (Miss. 1983); Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981).
Where the contraband is present in an amount which a person could reasonably hold for personal use, other evidence of possible involvement in the drug trade may be sufficient to establish intent. See, Breckenridge v. State, 472 So.2d 373, 378 (Miss. 1985).
The items seized from Jowers show that she possessed:
1. One large freezer bag of marijuana weighing 219 grams (7.7 oz.).
2. A small bag of marijuana weighing 84.5 grams (
3. A small bag of marijuana weighing 19.9 grams (
4. Two sets of portable scales. One set found in the house, the other set found in Jowers' purse.
5. A surgical tool.
6. Rolling papers.
7. $356.00 in United States currency.
The amount of marijuana seized in this case is not sufficient to constitute direct evidence that possession alone establishes intent. The surgical tool, used as a holder, and the rolling papers are items commonly associated with personal marijuana use. Scales are used by drug dealers, but also have legitimate uses. The $356.00 does heighten suspicion of an intent to deliver, but not everyone who has $356.00 in cash is a drug dealer, or for that matter a drug user.
This evidence could just as well imply possession for personal use as intent to deliver. The items seized all together create a suspicion of intent but not an intent to deliver marijuana. The statute requires more than mere suspicion.
Based upon well recognized jurisprudence in this State commencing with Hollingsworth v. State, 392 So.2d 515 (Miss. 1981); Bryant v. State, 427 So.2d 131 (Miss. 1983); Coyne v. State, 484 So.2d 1018 (Miss. 1986); Jackson v. State, 580 So.2d 1217 (Miss. 1991); and Clayton v. State, 582 So.2d 1019, 1022 (Miss. 1991), we hold that the State failed to meet its burden of proof of possession with intent to distribute and the conviction of Jowers on that charge is reversed.
However, the evidence clearly establishes that Jowers was guilty of the lesser included offense of possession of marijuana. The jury had more than sufficient evidence to find her guilty of that charge. Although the jury was presented with conflicting testimony concerning Jowers' possession of the marijuana, the jury resolved that conflict in favor of the State, and the jury is the sole judge of the weight and credibility of the witness. Dixon v. State, 519 So.2d 1226, 1228 (Miss. 1988). We therefore reverse the defendant's conviction and sentence for possession of a controlled substance with intent to distribute, but affirm conviction for the lesser included *48 offense of possession. Remand is ordered for proper sentencing for possession of marijuana in excess of one ounce.
CONVICTION OF POSSESSION OF MARIJUANA IN EXCESS OF ONE (1) OUNCE WITH INTENT TO DISTRIBUTE IS REVERSED AND SENTENCE VACATED; CONVICTION OF POSSESSION OF MARIJUANA IN EXCESS OF ONE (1) OUNCE IS AFFIRMED; REMANDED FOR RESENTENCING ON POSSESSION ONLY.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON and McRAE, JJ., concur.
PITTMAN, J., dissents with separate written opinion joined by ROY NOBLE LEE, C.J., and PRATHER, J.
BANKS, J., dissents with separate written opinion joined by PRATHER, J., and ROY NOBLE LEE, C.J., who concurs in results only.
PITTMAN, Justice, dissenting:
I would affirm the conviction of Rhonda Sue Jowers on the charge of intent to distribute a controlled substance. Therefore, I respectfully dissent.
Until recently, Mississippi law was well-settled that criminal intent may, and ordinarily can only be shown by surrounding circumstances. Shive v. State, 507 So.2d 898, 900 (Miss. 1987); Boches v. State, 506 So.2d 254, 260 (Miss. 1987); Fisher v. State, 481 So.2d 203, 213 (Miss. 1985); Hollingsworth v. State, 392 So.2d 515, 517-518 (Miss. 1981); Stinson v. State, 375 So.2d 235, 236 (Miss. 1979); Ryals v. State, 305 So.2d 354, 356 (Miss. 1974); Shanklin v. State, 290 So.2d 625, 627 (Miss. 1974). As the majority acknowledges, the intent to sell or deliver contraband can be established in Mississippi by inference from circumstantial evidence. Jackson v. State, 580 So.2d 1217, 1220 (Miss. 1991); Bryant v. State, 427 So.2d 131, 132 (Miss. 1983); Hollingsworth, 392 So.2d at 517. Thus, Mississippi law has historically found that intent to distribute was an offense which called for some supposition, conjecture, or construction by law enforcement personnel.
The majority finds that the particular surrounding circumstances in the case sub judice are not enough to show intent. What would be enough? I contend that this Court will rarely find more than suspicion of intent to distribute. The only time when law enforcement authorities will have more than suspicion of intent to distribute is when the authorities can read the mind of the defendant, witness a transaction, or can elicit an admission of intent to distribute. Per the recent progeny of cases from this Court including Stringfield v. State, 588 So.2d 438 (Miss. 1991), Thomas v. State, 591 So.2d 837 (Miss. 1991), and the case at bar, the only time a prosecutor will be able to gain a conviction for intent to distribute is when the defendant is heard to say, "I intend to sell these drugs." This Court's recent direction in determination of intent to distribute creates a situation for prosecutors where intent to distribute is being pushed beyond proof. Since very few defendants admit an intent to distribute and since most defendants are careful to avoid apprehension while in the act of a drug sale, as a practical matter, criminal intent is almost always an offense that must be surmised from the surrounding circumstances.
What would be enough in Mississippi to delineate intent to distribute? In the case sub judice, an intent to distribute can be surmised. The aggregate of the paraphernalia found in Jowers' possession points to an intent to distribute. She possessed a substantial amount of cash, a substantial amount of a controlled substance (marijuana), and a substantial collection of drug tools and/or drug paraphernalia. Clearly, an intent to distribute could be inferred from the situation found at Jowers' home.
ROY NOBLE LEE, C.J., and PRATHER, J., join this dissent.
BANKS, Justice, dissenting:
Because I believe that the quantum of evidence available for jury consideration is sufficient to allow a reasonable, fair-minded juror to conclude beyond a reasonable doubt that Jowers intended to sell all or a *49 part of the marijuana she possessed, I respectfully dissent.
I differ from my Brother Pittman, also dissenting, concerning the import of recent decisions of this Court on the subject of intent to sell or distribute. He suggests that we would rarely find more than a suspicion of intent to deliver. That is not true. Even if it were true, our system of justice would not be well served by convictions based on suspicion.
Often persons who have made an offer to sell, or who have sold, are found in possession of controlled substances. See, e.g., Jones v. State, 523 So.2d 957 (Miss. 1988). Their previous dealings allow the jury to draw an inference of intent. At times, the mere quantity of drugs alone, or together with the presence of distributional paraphernalia, is sufficient. See, e.g. Boches v. State, 506 So.2d 254, 260 (Miss. 1987), Coyne v. State, 484 So.2d 1018 (Miss. 1986). There will be many cases, however, where the question is closer. In considering these cases, we are governed by the due process standard of proof, beyond a reasonable doubt. See, King v. State, 580 So.2d 1182, 1193 (Miss. 1991) (Banks, J., Concurring). If the evidence is not such that we can conclude that a fair-minded jury could exclude all reasonable doubt of an intent to distribute, the defendant is entitled to acquittal on this charge. McFee v. State, 511 So.2d 130, 133-34 (Miss. 1987).
We have applied this standard in a variety of contexts. Jackson v. State, 580 So.2d 1217, 1219-20 (Miss. 1991); Stringer v. State, 557 So.2d 796 (Miss. 1990); Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981); Bryant v. State, 427 So.2d 131 (Miss. 1983).
Justice Pittman critically cites two recent, not-yet-published decisions which are illustrative of the analysis which this Court must make. It is an analysis to be done in the first instance by the trial court when faced with a motion for directed verdict and again, when considering a motion for judgment notwithstanding the verdict. Hicks v. State, 580 So.2d 1302 (Miss. 1991).
In Stringfield v. State, 588 So.2d 438 (Miss. 1991), the defendant was found in possession of a small quantity of crack cocaine. He had not offered it for sale. Nor was he shown to have offered cocaine for sale in the past. The only circumstance that could possibly be suggested as supporting a finding of intent to deliver was the fact that Stringfield had given another a "rock," after that person had assisted him in converting some cocaine to "crack". Although Stringfellow could have been charged with delivery of that cocaine, there was absolutely no evidence that Stringfield intended to sell or distribute that cocaine which he possessed when arrested. Cf. Clayton v. State, 582 So.2d 1019 (Miss. 1991). We, quite properly, analogized the situation to one who offers another a cigarette. No one would seriously argue that he possessed the pack with the intent to deliver. This is not to trivialize the possession of an illegal substance by comparing it to a transaction with a legal one. We recognize that mere possession of controlled substances is itself a crime. We prescribe additional punishment for those who possess with the specific intent to deliver to others, however. The invocation of that enhancement requires proof, not speculation.
The second case referred to by Justice Pittman is Thomas v. State, 591 So.2d 837 (Miss. 1991). There two quantities of crack cocaine were found, a small quantity in Thomas' pocket and a larger quantity, together with paraphernalia in the apartment in which he was arrested. There was little question that someone in that apartment had the intent to distribute. The only problem was that Thomas had no connection with, or control over, the apartment and there were four others present when the cocaine was found, including two people who resided in the apartment. With regard to the items not found on Thomas, the question was not whether these items were possessed with the intent to distribute, but rather whether Thomas was in possession. The evidence was insufficient to allow a reasonable jury to conclude that he was. That leaves only the small amount found on Thomas' person to consider. There is nothing about this amount that suggests *50 an intent to deliver. See, Stringer v. State, supra; Jackson v. State, supra.
The instant case is different. While close to the line of demarcation between sufficiency and insufficiency, my view is that the evidence, as a whole, is adequate to allow a fair-minded jury to find intent to distribute beyond a reasonable doubt. Perhaps the key is the second set of scales. Here Jowers possessed almost three-quarters of a pound of marijuana. The record leaves much to be desired concerning the significance of this amount. It is important, however, that in distinguishing between misdemeanor and felony possession of marijuana, the legislature has drawn the line at one ounce. Miss. Code Ann. § 41-29-139(c)(2)(A) (Supp. 1991). Jowers has twelve times the amount allowed as a misdemeanor. The marijuana was separately packaged, including a single package containing almost one-half pound. The bulk of the marijuana was found in Jowers' refrigerator. Near the refrigerator was a set of portable scales. Other marijuana, less than an ounce, was found on Jowers in her purse. Significantly, another set of scales was found in her purse with that marijuana. There was testimony from a Bureau of Narcotics agent that "drug violators we conduct investigations on, use the portable scales to weigh out the marijuana." Less important is that she had $346 in cash and a surgical instrument described as one used in smoking marijuana.
This case is quite close to, but distinguishable from, Hollingsworth. There, the defendant was found with an uncertain amount of marijuana, scales and plastic bags. The difference is that the quantity is not disclosed by the opinion, except for the fact that the charge (and conviction) was for an amount more than an ounce. Here there is a definite quantity from which an inference is possible.
Another case, close on the facts to the instant case is Coyne v. State, 484 So.2d 1018 (Miss. 1986). There the defendant possessed 5.4 pounds of marijuana, some packaged in 27 small plastic bags together with a set of scales, as well as a small amount of cash and a pipe. We held the evidence sufficient to support a conviction of intent to distribute. The instant case is somewhere between Hollingsworth and Coyne. In my view it falls on the Coyne side of the line.
While it may be true that one who buys illegal substances for personal use, like those who buy legal ones, might find it more convenient to buy in bulk, we should decree that they do so only at the risk of being thought dealers and treated accordingly. Where, as here, they combine bulk possession with the measuring tool of the distributor, a jury inference of intent to distribute should be left undisturbed.
PRATHER, J., joins this dissent.
ROY NOBLE LEE, C.J., concurs in result.