BANKS, Justice,
dissenting:
Because I believe that the quantum of evidence available for jury consideration is sufficient to allow a reasonable, fair-minded juror to conclude beyond a reasonable doubt that Jowers intended to sell all or a *49 part of the marijuana she possessed, I respectfully dissent.
I differ from my Brother Pittman, also dissenting, concerning the import of recent decisions of this Court on the subject of intent to sell or distribute. He suggests that we would rarely find more than a suspicion of intent to deliver. That is not true. Even if it were true, our system of justice would not be well served by convictions based on suspicion.
Often persons who have made an offer to sell, or who have sold, are found in possession of controlled substances. See, e.g., Jones v. State, 523 So.2d 957 (Miss.1988). Their previous dealings allow the jury to draw an inference of intent. At times, the mere quantity of drugs alone, or together with the presence of distributional paraphernalia, is sufficient. See, e.g. Boches v. State, 506 So.2d 254, 260 (Miss.1987), Coyne v. State, 484 So.2d 1018 (Miss.1986). There will be many cases, however, where the question is closer. In considering these cases, we are governed by the due process standard of proof, beyond a reasonable doubt. See, King v. State, 580 So.2d 1182, 1193 (Miss.1991) (Banks, J., Concurring). If the evidence is not such that we can conclude that a fair-minded jury could exclude all reasonable doubt of an intent to distribute, the defendant is entitled to acquittal on this charge. McFee v. State, 511 So.2d 130, 133-34 (Miss.1987).
We have applied this standard in a variety of contexts. Jackson v. State, 580 So.2d 1217, 1219-20 (Miss.1991); Stringer v. State, 557 So.2d 796 (Miss.1990); Hollingsworth, v. State, 392 So.2d 515, 517 (Miss.1981); Bryant v. State, 427 So.2d 131 (Miss.1983).
Justice Pittman critically cites two recent, not-yet-published decisions which are illustrative of the analysis which this Court must make. It is an analysis to be done in the first instance by the trial court when faced with a motion for directed verdict and again, when considering a motion for judgment notwithstanding the verdict. Hicks v. State, 580 So.2d 1302 (Miss.1991).
In Stringfield v. State, 588 So.2d 438 (Miss.1991), the defendant was found in possession of a small quantity of crack cocaine. He had not offered it for sale. Nor was he shown to have offered cocaine for sale in the past. The only circumstance that could possibly be suggested as supporting a finding of intent to deliver was the fact that Stringfield had given another a “rock,” after that person had assisted him in converting some cocaine to “crack”. Although Stringfellow could have been charged with delivery of that cocaine, there was absolutely no evidence that Stringfield intended to sell or distribute that cocaine which he possessed when arrested. Cf. Clayton v. State, 582 So.2d 1019 (Miss.1991). We, quite properly, analogized the situation to one who offers another a cigarette. No one would seriously argue that he possessed the pack with the intent to deliver. This is not to trivialize the possession of an illegal substance by comparing it to a transaction with a legal one. We recognize that mere possession of controlled substances is itself a crime. We prescribe additional punishment for those who possess with the specific intent to deliver to others, however. The invocation of that enhancement requires proof, not speculation.
The second case referred to by Justice Pittman is Thomas v. State, 591 So.2d 837 (Miss.1991). There two quantities of crack cocaine were found, a small quantity in Thomas’ pocket and a larger quantity, together with paraphernalia in the apartment in which he was arrested. There was little question that someone in that apartment had the intent to distribute. The only problem was that Thomas had no connection with, or control over, the apartment and there were four others present when the cocaine was found, including two people who resided in the apartment. With regard to the items not found on Thomas, the question was not whether these items were possessed with the intent to distribute, but rather whether Thomas was in possession. The evidence was insufficient to allow a reasonable jury to conclude that he was. That leaves only the small amount found on Thomas’ person to consider. There is nothing about this amount that suggests *50 an intent to deliver. See, Stringer v. State, supra; Jackson v. State, supra.
The instant case is different. While close to the line of demarcation between sufficiency and insufficiency, my view is that the evidence, as a whole, is adequate to allow a fair-minded jury to find intent to distribute beyond a reasonable doubt. Perhaps the key is the second set of scales. Here Jowers possessed almost three-quarters of a pound of marijuana. The record leaves much to be desired concerning the significance of this amount. It is important, however, that in distinguishing between misdemeanor and felony possession of marijuana, the legislature has drawn the line at one ounce. Miss.Code Ann. § 41-29-139(c)(2)(A) (Supp.1991). Jowers has twelve times the amount allowed as a misdemeanor. The marijuana was separately packaged, including a single package containing almost one-half pound. The bulk of the marijuana was found in Jowers’ refrigerator. Near the refrigerator was a set of portable scales. Other marijuana, less than an ounce, was found on Jowers in her purse. Significantly, another set of scales was found in her purse with that marijuana. There was testimony from a Bureau of Narcotics agent that “drug violators we conduct investigations on, use the portable scales to weigh out the marijuana.” Less important is that she had $346 in cash and a surgical instrument described as one used in smoking marijuana.
This case is quite close to, but distinguishable from, Hollingsworth. There, the defendant was found with an uncertain amount of marijuana, scales and plastic bags. The difference is that the quantity is not disclosed by the opinion, except for the fact that the charge (and conviction) was for an amount more than an ounce. Here there is a definite quantity from which an inference is possible.
Another case, close on the facts to the instant case is Coyne v. State, 484 So.2d 1018 (Miss.1986). There the defendant possessed 5.4 pounds of marijuana, some packaged in 27 small plastic bags together with a set of scales, as well as a small amount of cash and a pipe. We held the evidence sufficient to support a conviction of intent to distribute. The instant case is somewhere between Hollingsworth and Coyne. In my view it falls on the Coyne side of the line.
While it may be true that one who buys illegal substances for personal use, like those who buy legal ones, might find it more convenient to buy in bulk, we should decree that they do so only at the risk of being thought dealers and treated accordingly. Where, as here, they combine bulk possession with the measuring tool of the distributor, a jury inference of intent to distribute should be left undisturbed.
PRATHER, J., joins this dissent.
ROY NOBLE LEE, C.J., concurs in result.