746 So.2d 853 (1998)
Adolph BRYANT, Jr. a/k/a "Sonnyman", Appellant,
v.
STATE of Mississippi, Appellee.
No. 95-KP-00816 COA.
Court of Appeals of Mississippi.
December 8, 1998.
Rehearing Denied March 9, 1999.
Certiorari Denied June 3, 1999.
*857 Adolph Bryant, Jr., Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughn, Attorney for Appellee.
Before THOMAS, P.J., and KING and PAYNE, JJ.
KING, J., for the Court:
¶ 1. Adolph Bryant, Jr. was convicted of possession of a controlled substance with intent to distribute, in violation of Miss. Code Ann. § 41-29-139(a)(1) (Rev.1993). He was sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections, said sentence to be served after any other sentence being served. Aggrieved by his conviction and sentence, Bryant appeals and argues nine points of error:
(1) The trial court erred by not suppressing the evidence gained pursuant to an illegal search warrant which was based solely on hearsay information from a confidential informant who was neither credible nor reliable, and was not corroborated by personal observation or independent police work.
(2) The trial court erred by not granting Bryant's motion to suppress items confiscated at the time of his arrest, as such items were used to prejudice the defendant in the minds of the jury and to discriminate him.
(3) The evidence was insufficient and lacking to prove that the accused, Bryant, possessed the controlled substance of cocaine with the intent to sell or distribute it.
(4) The evidence lacked sufficiency to support a conviction for constructive possession of a controlled substance.
(5) The trial court erred when it overruled Bryant's motion to restrict the use of Mississippi Rule of Evidence 404(b), and by doing so, rendered Bryant's trial constitutionally and fundamentally unfair and unjust.
(6) The trial court erred when it violated Bryant's right to due process, under Article 3, §§ 14 and 26 of the Mississippi Constitution and the 6th and 14th amendments of the Constitution of the United States of America, by refusing Bryant the due process to subpoena witnesses from the Mississippi Crime Laboratory.
(7) The lower court erred by allowing jury instructions of the State which stated that the defendant could be found guilty of possessing a controlled substance with intent to sell and distribute without any factual evidence to substantiate that alleged charge, thus the State was allowed to place upon Bryant the possession of the drugs and left the jury with only the decision of whether there was intent.
(8) A. Bryant was denied his constitutional right to a speedy trial.
B. The trial court erred when it arbitrarily overruled Bryant's motion to dismiss the charging indictment for the prosecution failing to bring Bryant to trial within the statutorily required 270 days, and thereby violated his constitutional rights to due process under Article 3 and 14 of the Mississippi Constitution and the 6th and 14th amendments to the Constitution of the United States of America.
(9) The trial court erred when it denied Bryant's motion for directed verdict, as the weight of the evidence was not *858 enough, nor sufficient enough to support the charge of possession or constructive possession of a controlled substance with intent to sell or distribute.
Finding no error, this Court affirms the judgment.

FACTS
¶ 2. On September 19, 1993, Ricky Davis appeared before Justice Court Judge Maxie Rutland to file an affidavit against Bryant for simple assault. The assault occurred when Davis visited Bryant's house trailer. Bryant, with the aid of a gun, forced Davis to leave the house trailer. In filing his affidavit, Davis stated that Bryant possessed drugs at the trailer. Based upon this information, Judge Rutland issued an arrest warrant for Bryant. The warrant was given to Officer Charles White of the Monticello Police Department to execute.
¶ 3. After receiving the arrest warrant, Officer White spoke to a confidential informant. This informant told him that Bryant sold crack cocaine at the trailer. The informant also indicated that Bryant kept a rifle on the premises.
¶ 4. After receiving this information, Officer White requested a search warrant from Judge Rutland. The affidavit for this search warrant listed the following underlying facts and circumstances to justify the issuance of the search warrant:
"That a person who has been used as an informant before, has told us that they saw coke in the described place giving reason to believe and do believe there to be drugs there and guns, being seen there by a confidential informant".
¶ 5. The affidavit also stated that Bryant was a convicted felon and not allowed to have a gun in his possession.
¶ 6. Based upon statements by Davis and the confidential informant, Judge Rutland issued the search warrant for Bryant's trailer and its appurtenances. The warrant authorized a search for controlled substances, paraphernalia, and guns.
¶ 7. Later that evening, Officer White went to Bryant's trailer and arrested him for simple assault. With the assistance of other officers and a "drug" canine, Officer White conducted a search of the trailer and Bryant's front yard.
¶ 8. The officers' search of the yard yielded a loaded, thirty (30) caliber rifle from the trunk of a car and a plastic bag containing 14.1 grams[1] of crack cocaine from inside an electrical meter box. The meter box was mounted on an utility pole approximately ten feet from the northwest corner of the trailer. A police scanner, a set of "walkie talkies", and a scale were found inside the trailer.
¶ 9. Bryant was subsequently indicted for possession of cocaine with intent to distribute. His trial on this charge ended in a mistrial. Upon a retrial, he was convicted. Bryant's motion for a new trial and judgment notwithstanding the verdict having been denied, he now appeals his conviction and sentence.
ISSUES

I. THE TRIAL COURT ERRED BY NOT SUPPRESSING THE EVIDENCE GAINED FROM AN ILLEGAL SEARCH WARRANT WHICH WAS BASED SOLELY ON HEARSAY INFORMATION FROM A CONFIDENTIAL INFORMANT (CI) WHO WAS NEITHER CREDIBLE OR RELIABLE AND CORROBORATED BY PERSONAL OBSERVATION OR INDEPENDENT POLICE WORK.
¶ 10. In his first assignment of error, Bryant argues that the search warrant should not have been issued because (a) it was not based upon probable cause, (b) it *859 failed to describe the items to be searched for with particularity, and (c) Judge Rutland was a partial and biased magistrate. This Court finds no merit in Bryant's assertions and discusses each assertion below.

A. Probable Cause

Law
¶ 11. The determination of whether probable cause supports the issuance of a search warrant requires that this Court consider the "totality of the circumstances". Illinois v. Gates, 462 U.S. 213, 237, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Mississippi adopted this approach in Lee v. State, 435 So.2d 674, 676 (Miss.1983). The court in Lee stated that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place ... [T]he duty of a reviewing court is to simply ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id.

Analysis
¶ 12. Judge Rutland testified that the issuance of the search warrant was based on statements from Davis and Officer White's confidential informant. Davis indicated that he had seen drugs at Bryant's house trailer. The confidential informant told Officer White that he had seen cocaine and a gun at Bryant's house trailer. After being informed by Officer White that this confidential informant had previously been relied upon, and proved to be credible and reliable, Judge Rutland issued the search warrant. Based upon these facts, this Court finds that Judge Rutland had a substantial basis for concluding that probable cause existed for the issuance of a search warrant. See Smith v. State, 504 So.2d 1194, 1195 (Miss.1987); Jones v. State, 481 So.2d 798, 799 (Miss. 1985).

B. Failure to Describe Items in Search Warrant with Particularity
¶ 13. The search warrant listed three types of items to be seized, controlled substances, paraphernalia, and guns. Bryant contends that these items were not described with particularity in the warrant. This Court finds no merit to this contention. The terms "controlled substances", "paraphernalia", and "guns" were sufficiently definitive to indicate which items should have been included in the search.

C. Neutral and Detached Magistrate
¶ 14. Bryant alleges that Judge Rutland was not an impartial magistrate because he personally completed the affidavit for search warrant and the actual search warrant.

Law
¶ 15. "'Both the United States Supreme Court and [the Mississippi Supreme Court] have held that the individual issuing the warrant must be a neutral and detached magistrate." McCommon v. State, 467 So.2d 940, 942 (Miss.1985). See also Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

Analysis
¶ 16. Judge Rutland testified during the suppression hearing and the trial regarding his issuance of the search warrant. Rutland acknowledged filling out the affidavit for the search warrant and the actual search warrant. He testified that the information contained in the affidavit was received from Officer White. Officer White testified that he signed both forms indicating his assent to the accuracy of this information. This Court does not find that the actions of Judge Rutland were improper.

*860 II. THE TRIAL COURT ERRED BY NOT GRANTING BRYANT'S MOTION TO SUPPRESS ITEMS CONFISCATED AT THE TIME OF HIS ARREST, AS SUCH ITEMS WERE USED TO PREJUDICE THE DEFENDANT IN THE MINDS OF THE JURY AND TO DISCRIMINATE AGAINST HIM.
¶ 17. The search warrant authorized Monticello police officers to search Bryant's house trailer, the approaches, and appurtenances for controlled substances, paraphernalia, and guns. The officers seized the following items:
(a) a gun located in the trunk of a car parked in Bryant's yard,
(b) a police scanner, a set of walkie talkies, and a scale found inside the trailer, and
(c) a bag containing approximately 14.1 grams of cocaine found inside a meter box mounted outside on a utility pole.
¶ 18. Bryant argues that the search was illegal, as was the seizure of any property.

A. The Gun
¶ 19. Bryant argues that he was not the owner[2] of the car in which the gun was found, therefore the car was improperly searched and the gun was improperly seized. The Mississippi Supreme Court has held that "for one to be in position to complain of an illegal search, one must either be the owner or in lawful possession of the property searched." Slyter v. State, 246 Miss. 402, 409, 149 So.2d 489, 492 (1963). Since Bryant claims not to own the car, he lacks standing to challenge the search of the car or the seizure of the gun. Watkins v. State, 262 So.2d 422, 424 (Miss. 1972).

B. The Police Scanner, Walkie Talkies and Scales
¶ 20. Bryant argues that because the scanner, the walkie talkies, and the scale were located more than fifty feet from the drugs, they were not used in drug distribution. This Court finds that these items were relevant evidence and within the trial judge's discretion to admit.
¶ 21. Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401. If the evidence has any probative value at all, Mississippi Rule of Evidence 401 favors its admission. Comment to M.R.E. 401.
¶ 22. In the instant case, the search warrant authorized the search and seizure of items relevant to the sale or distribution of drugs, controlled substances, paraphernalia, and guns. After searching Bryant's trailer, the officers found a scanner, a set of walkie talkies, and a scale, all items which could have been considered drug paraphernalia or evidence relevant to drug activity.
¶ 23. Bryant argues that the placement of these items suggests that they were not drug related. The scanner and the walkie talkies were found on an end table near the front door. The scales were found atop the refrigerator. This Court notes that scanners, walkie talkies, and scales are not always indicative of drug activity and the proximity of these items is a factor for the jury to consider when analyzing whether a defendant is involved in the distribution of drugs. Notwithstanding this fact, these items retained probative value regarding Bryant's involvement in the distribution of drugs. The trial judge did not err in finding these items to be relevant evidence.

C. Cocaine found in the Meter Box
¶ 24. Bryant contends that the State failed to prove that the utility pole or electrical meter box stood on his property. For this reason, he argues that the trial court should not have admitted the cocaine into evidence.
*861 ¶ 25. With the assistance of a "drug"canine, the officers searched outside Bryant's trailer. While searching, they discovered that the meter box mounted on the utility pole contained a bag of cocaine. According to Officer White, when he "stepped it off', this utility pole measured approximately ten (10) feet from the west side of Bryant's trailer. A review of the State's photograph, trial exhibit number twelve (12), clearly indicated that an electrical wire ran from the meter box, which was mounted on the utility pole, to Bryant's trailer. It appears that this wire provided electrical service to Bryant's trailer. Since the search warrant authorized the search of Bryant's yard, and cocaine was found in a meter box which apparently serviced Bryant's trailer, this Court does not find that the admission of the cocaine into evidence was improper.

III. THE EVIDENCE WAS INSUFFICIENT AND LACKING TO PROVE THAT THE ACCUSED, BRYANT, POSSESSED THE CONTROLLED SUBSTANCE OF COCAINE WITH THE INTENT TO SELL OR DISTRIBUTE IT.
¶ 26. In Bryant's third assignment of error, he contends that the State failed to present any evidence to prove his intent to sell or distribute cocaine. A review of the record does not support Bryant's contention.

Law
¶ 27. To prove possession with an intent to distribute or sell, the evidence may not be based solely upon surmise or suspicion. Stringfield v. State, 588 So.2d 438, 440 (Miss.1991). "There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in fact intend to distribute or sell the cocaine, not that he might have such intent." Id.

Analysis
¶ 28. The State presented the following evidence to prove Bryant's intent to distribute cocaine:
(1) Ricky Davis stated that Bryant sold drugs at the house trailer.
(2) Marie Evans, a narcotics agent employed by the Mississippi Bureau of Narcotics, testified that the amount of drugs seized from the meter box (14.1 grams) was worth approximately $1400 on the street ($100 for each gram). According to Ms. Evans, the scale and scanner were the type commonly used by drug dealers.
(3) Walkie talkies were seized from Bryant's trailer by the Monticello Police Department.
(4) Bryant was previously convicted of possession of cocaine with intent to distribute.
¶ 29. In light of these facts, this Court finds that the State established sufficient evidence from which a jury might conclude Bryant intended to distribute cocaine.

IV. THE EVIDENCE LACKED SUFFICIENCY TO SUPPORT A CONVICTION FOR CONSTRUCTIVE POSSESSION OF A CONTROLLED SUBSTANCE.
¶ 30. In the fourth assignment of error, Bryant contends that he did not have actual or constructive possession of the cocaine. He denies having placed the drugs in the meter box and suggests a lack of evidence to establish his connection to the cocaine. After review of the record, this Court finds that Bryant was in constructive possession of the drugs.

Law
¶ 31. To prove that a defendant was in constructive possession of contraband, "[t]here must be sufficient facts to warrant a finding that [he] was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion and control. Proximity is *862 usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." Guilbeau v. State, 502 So.2d 639, 641 (Miss.1987) (citing Pool v. State, 483 So.2d 331, 336 (Miss. 1986) and Curry v. State, 249 So.2d 414, 416 (Miss.1971)).

Analysis
¶ 32. The primary question regarding Bryant's relationship to the cocaine is whether he exercised control and dominion over it. A review of the record reveals evidence upon which a jury could find that Bryant was in constructive possession of the cocaine. Among those facts:
(1) Bryant was the principal occupant of the house trailer.
(2) The house trailer was the only residence in that immediate area.
(3) Officer White discovered that drugs were hidden in a meter box in Bryant's yard.
(4) The meter box was located on a utility pole approximately ten (10) feet from the trailer.
(5) The meter box provided electrical service to the trailer.
¶ 33. This evidence provided the jury a substantial basis upon which to find Bryant in constructive possession of the cocaine found in the meter box.

V. THE TRIAL COURT ERRED WHEN IT OVERRULED BRYANT'S MOTION TO RESTRICT THE USE OF MISSISSIPPI RULE OF EVIDENCE 404(B), AND BY DOING SO, RENDERED BRYANT'S TRIAL CONSTITUTIONALLY AND FUNDAMENTALLY UNFAIR AND UNJUST.
¶ 34. In his fifth assignment of error, Bryant contends that the testimony of Officer White regarding his prior arrest and conviction of possession of cocaine with intent to distribute was improperly admitted under Mississippi Rule of Evidence 404(b).

Law
¶ 35. "[E]vidence of prior acts offered to show intent to distribute is not barred by M.R.E. 404 and is properly admissible if it passes muster under M.R.E. 403 and is accompanied by a proper limiting instruction." Smith v. State, 656 So.2d 95, 99 (Miss.1995). Miss. Rule of Evidence 403 prescribes that such acts may be admitted if the probative value is not substantially outweighed by the danger of unfair prejudice.

Analysis
¶ 36. In the instant case, to prove Bryant's intent to distribute the cocaine found in the meter box, the State sought admission of Bryant's 1993 arrest and conviction of possession of a controlled substance with intent to distribute. Under M.R.E.404(b), this evidence was admissible for the limited purpose of proving intent. Because it does not appear to have created unfair prejudice and the trial judge granted a limiting instruction[3], this Court does not find that error was committed in admitting evidence of the prior arrest and conviction. Smith, 656 So.2d at 99.

VI. THE TRIAL COURT ERRED WHEN IT VIOLATED BRYANT'S RIGHT TO DUE PROCESS, UNDER ARTICLE 3, §§ 14 AND 26 OF THE MISSISSIPPI CONSTITUTION AND THE 6TH AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, BY REFUSING BRYANT THE DUE PROCESS TO SUBPOENA WITNESSES *863 FROM THE MISSISSIPPI CRIME LABORATORY.
¶ 37. In Bryant's sixth assignment of error, he contends that the trial court erred when failing to call Clydell Morgan of the Mississippi Crime Laboratory as a witness during trial. It was not the trial court's obligation to call this witness. The responsibility of calling a witness at trial lies with the party seeking that witness's testimony. Because Bryant failed to call Ms. Morgan at trial, his argument on appeal is without merit.

VII. THE LOWER COURT ERRED BY ALLOWING JURY INSTRUCTIONS OF THE STATE WHICH STATED THAT THE DEFENDANT COULD BE FOUND GUILTY OF POSSESSING A CONTROLLED SUBSTANCE WITH INTENT TO SELL AND DISTRIBUTE WITHOUT ANY FACTUAL EVIDENCE TO SUBSTANTIATE THAT ALLEGED CHARGE, THUS THE STATE WAS ALLOWED TO PLACE UPON BRYANT THE POSSESSION OF THE DRUGS AND LEFT THE JURY WITH ONLY THE DECISION OF WHETHER THERE WAS INTENT.
¶ 38. In Bryant's seventh assignment of error, he contends that the trial court erred in granting the State's Instructions S-5 and S-6. This Court does not find these instructions to have been in error.

Instruction S-5
¶ 39. Bryant argues that Instruction S-5 improperly presumes that he possessed cocaine. Instruction S-5 reads as follows:
The Court instructs the jury that whether the controlled substance in this case was possessed with intent to distribute it is a matter for you, the jury, to decide. In determining whether the substance was possessed with intent to distribute, you may, but are not bound to, consider any or all of the following factors along with all of the other evidence in this case:
(1) The quantity of the substance possessed.
(2) The manner of packaging of the substance.
(3) Evidence of the typical number of dosage units that could be made from the substance.
(4) The street value of the substance.
If any of the above factors are considered by you, they should be considered, if at all, along with all of the other matters, facts and things in evidence in this case and in light of your own human experience, common sense, and sound judgment.
¶ 40. Bryant's argument is without merit. Instruction S-5 concerned the intent element of the charge against Bryant. Instruction S-5 properly instructs the jury that they may consider certain factors when determining whether Bryant possessed an intent to distribute. Jackson v. State, 580 So.2d 1217, 1220 (Miss.1991); Stringer v. State, 557 So.2d 796, 797 (Miss. 1990); Coyne v. State, 484 So.2d 1018, 1021 (Miss.1986).

Instruction S-6
¶ 41. Bryant argues that, in Instruction S-6, the phrase "reasonably should have been aware of it's presence and character" was prejudicial. Instruction S-6 reads as follows:
The Court instructs the jury that to constitute possession as applied to this case, it is not necessary that the State prove actual physical possession; it is sufficient if the State establishes that the substance involved was subject to the defendant's dominion and control, and that he was aware or reasonably should have been aware, of its presence and character.
¶ 42. This argument is too, without merit. Instruction S-6 accurately states the *864 law regarding constructive possession. Cunningham v. State, 583 So.2d 960, 962 (Miss.1991).
VIII.
A. BRYANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
B. THE TRIAL COURT ERRED WHEN IT ARBITRARILY OVERRULED BRYANT'S MOTION TO DISMISS THE CHARGING INDICTMENT FOR THE PROSECUTION FAILING TO BRING BRYANT TO TRIAL WITHIN THE STATUTORILY REQUIRED 270 DAYS, AND THEREBY VIOLATED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS UNDER ARTICLE 3 AND 14 OF THE MISSISSIPPI CONSTITUTION AND THE 6TH AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
¶ 43. In Bryant's eighth assignment of error, he argues that his statutory and constitutional rights to a speedy trial have been violated. To determine whether these rights were violated, this Court must examine the events leading to the mistrial and the retrial.

ARREST/ARRAIGNMENT TO MISTRIAL

A. Constitutional Right to a Speedy Trial
¶ 44. The defendant's constitutional right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution. U.S. Const. amend VI. This right attaches and time begins to run upon the defendant's arrest. Handley v. State, 574 So.2d 671, 674 (Miss.1990). When the constitutional right to a speedy trial attaches, we are required to apply the balancing test found in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine if the right to a speedy trial has been denied. Smith v. State, 550 So.2d 406, 408 (Miss.1989). The Barker decision lists four factors to be considered, (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his right to a speedy trial and (4) prejudice resulting to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. 2182. "No one of the factors is, in itself, dispositive; rather they must be considered together in light of all the circumstances." Adams v. State, 583 So.2d 165, 167 (Miss.1991). This Court considers these factors below.

Length of Delay
¶ 45. To indicate the length of delay, this Court has included a chronology of events beginning with Bryant's indictment on another similar charge and ending with his mistrial:
February 17, 1993 Indicted on 1st charge[4]
March 1993 (approx.) Bonded out on 1st charge
September 19, 1993 Arrested in 2nd charge and incarcerated
September 20, 1993 Initial appearance in 2nd charge
September 23, 1993 Officer White took alleged drug evidence to Miss. Crime Lab to
 be tested
November 1993 Grand jury convened
December 1, 1993 Analysis of drug evidence completed Miss. Crime Lab
February 2, 1994 Tried on 1st charge
February 4, 1994 Convicted on 1st charge
July 1994 Next grand jury convened
July 28, 1994 Indicted on 2nd charge
July 29, 1994 Last day of court term
September 9, 1994 Motion to dismiss charges filed by Bryant
September 16, 1994 Bryant served with a copy of the indictment
*865
January 9, 1995 Attorney appointed
February 1, 1995 Arraigned on 2nd charge
February 1, 1995 Tried on 2nd charge
February 2, 1995 Mistrial
July 19, 1995 Retried on 2nd charge
¶ 46. From September 19, 1993, the date of arrest, to February 1, 1995, the date of trial, 501 days elapsed. No motions for continuance having been filed by the State or Bryant, we charge the entire 501 days or approximately one year and five months against the State. In accordance with the principle that a constitutional delay of eight months is presumptively prejudicial, Smith, 550 So.2d at 408, we find that Bryant was presumptively prejudiced and factor one of the Barker balancing analysis is triggered, weighing against the State. To determine if this initial presumption of prejudice is overcome, this Court must examine the remaining Barker factors.

Reason for the Delay
¶ 47. The State argues that there are several justifiable reasons for the 501 day delay; the Mississippi Crime Laboratory had not completed analysis of the drug evidence, and the State was unable to present evidence before a grand jury earlier than July 1994.
¶ 48. The State contends that Bryant's case would have been presented before the November 1993 grand jury, but the Mississippi Crime Laboratory had not completed analysis on the cocaine submitted two months earlier. When the next grand jury met in July of 1994, the drug analysis had been completed, and therefore, the State presented this case. The State argues that since July 28th was only one day before the end of that court term, Bryant's trial date was scheduled on the next available date, in the next court term.
¶ 49. It does not appear that the State made deliberate attempts to delay Bryant's trial on the second charge. The drug evidence had been promptly submitted four days after Bryant's arrest and efforts were made to present evidence before a grand jury. Delay attributable to the failure of a grand jury to convene or crowded trial dockets does not violate a defendant's right to a speedy trial. Bailey v. State, 463 So.2d 1059, 1062 (Miss.1985). However, in light of the State's burden of bringing a defendant to trial, Flores v. State, 574 So.2d 1314, 1323 (Miss.1990), this Court must weigh this factor, in a limited manner, against the State.

Assertion of the Right
¶ 50. Although it is the State's duty to insure that the defendant receives a speedy trial, a defendant has some responsibility to assert this right. Wiley v. State, 582 So.2d 1008, 1012 (Miss.1991). On September 9, 1994, 355 days after he was arrested, Bryant filed a pro-se "motion to dismiss charges for failure to provide a fast and speedy trial". Although Mississippi case law generally regards this motion as an effort to dismiss the indictment for failure to have a speedy trial rather than an assertion of the right to a speedy trial, this Court finds that Bryant's pro-se motion was in fact an attempt to bring attention to his lengthy incarceration during which he had not been granted the benefit of a trial. Finding that he asserted his right to a speedy trial, this Court weighs this factor against the State.

Prejudice to the Defendant
¶ 51. Prejudice is assessed in light of the interest of the defendant which the right to a speedy trial is designed to protect: 1) prevention of oppressive pre-trial incarceration, 2) limitation of the possibility of impairment of defense, and 3) minimization *866 of anxiety and concern of the accused. Barker, 407 U.S. at 532, 92 S.Ct. 2182; Vickery v. State, 535 So.2d 1371, 1377 (Miss.1988). Bryant argues only one of these interests in his brief.
¶ 52. Bryant argues that his defense was prejudiced because the memory of the arresting officers had diminished. The record does not support this position. Officer White, the primary arresting officer, and the remaining officers testified regarding many details of the events surrounding the issuance of the search warrant and the subsequent search.
¶ 53. Though this Court recognizes that the "consideration of prejudice is not limited to the specifically demonstrable and particularized prejudice," it will not allow "speculative harm to tip the scales in a defendant's favor". Giles v. State, 650 So.2d 846, 852 (Miss.1995). Bryant has made no specific identification of memory impairment. Absent that specific showing, this Court cannot say he was prejudiced by this delay.

Balancing
¶ 54. This Court weighs the initial presumption of prejudice regarding the delay, Bryant's assertion of his right to a speedy trial, and the reasons for the delay in Bryant's favor. However, despite such a weighing, this Court does not find that prejudice resulted to Bryant's defense as a result of the delay. Considering all the Barker factors under the totality of the circumstances and the evidence against Bryant, this Court finds that the initial presumption of prejudice has been overcome and no violation of Bryant's constitutional right to a speedy trial has resulted.

B. Statutory Right to a Speedy Trial
¶ 55. The statutory right to a speedy trial attaches and time begins to run after the accused has been arraigned. Miss.Code Ann. § 99-17-1 (as amended 1990). "In calculating the statutory time, the date of arraignment is not included, but the date of trial is, as are weekends, unless the last day of the 270 day period falls on Sunday. Where the State has demonstrated good cause, and a continuance has been granted, the time elapsed during the period of continuance is not counted against the State. In addition, continuances granted to the defendant toll the running of the statute and should be deducted from the total number of days." Adams v. State, 583 So.2d 165, 167 (Miss. 1991) (citations omitted).
¶ 56. Bryant was arraigned on February 1, 1995, the same day as his first trial on the second charge began. No continuances were granted and no delay resulted between the date of arraignment and the date of trial. However, in the interest of fairness and Bryant's statutory right to a speedy trial, this Court notes that Bryant could have been arraigned as early as July 29, 1994, the day after his formal indictment. For calculation purposes, this Court will, therefore, use July 29, 1994 as the arraignment date.
¶ 57. From July 29, 1994 to February 1, 1995, 188 days elapsed. Despite the delay in arraignment, the State brought Bryant to trial within the 270 statutory guideline. Accordingly, this Court does not find that Bryant's statutory right to a speedy trial was violated.
¶ 58. Having found that Bryant's constitutional and statutory rights to a speedy trial were not violated from his arrest/arraignment to the mistrial, this Court now considers whether such rights were violated with regard to the retrial.

MISTRIAL TO RETRIAL

A. Constitutional Right to a Speedy Trial (Barker factors)
¶ 59. When a mistrial results, "[t]he time for retrial then becomes a matter of discretion with the trial court, which is to be measured by constitutional standards of reasonableness and fairness under the constitutional right to a speedy trial...." Kinzey v. State, 498 So.2d 814, *867 816 (Miss.1986). Since Bryant's trial ended in a mistrial, it is necessary to again perform the Barker balancing test with regard to the re-trial.
¶ 60. Bryant was retried on July 19, 1995, 165 days or approximately five and ½ months after the mistrial. This delay does not constitute "presumptive prejudice"; therefore, it is not necessary to consider the remaining Barker factors. Handley, 574 So.2d at 677. This Court finds that Bryant's constitutional right to a speedy trial was not violated as to the mistrial.

B. Statutory Right to a Speedy Trial
¶ 61. "The statutory 270 day rule is satisfied once the defendant is brought to trial, even if that trial results in a mistrial. Thereafter, the time of retrial is within the discretion of the trial court." Handley, 574 So.2d at 674 (citations omitted).
¶ 62. Bryant was retried within five months of his mistrial. This Court finds this time period to have been reasonable. The trial court did not abuse its discretion when setting the retrial date.

XI. THE TRIAL COURT ERRED WHEN IT DENIED BRYANT'S MOTION FOR DIRECTED VERDICT, AS THE WEIGHT OF THE EVIDENCE WAS NOT ENOUGH, NOR SUFFICIENT ENOUGH TO SUPPORT THE CHARGE OF POSSESSION OR CONSTRUCTIVE POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO SELL OR DISTRIBUTE.
¶ 63. In Bryant's final assignment of error, he questions the legal sufficiency of the evidence. In appeals from an overruled motion for directed verdict, the sufficiency of the evidence, as a matter of law, is viewed and tested in a light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id. After careful review of the record, this Court finds that the jurors could have found Bryant guilty of possession of cocaine with intent to distribute based on the evidence. Considering the testimony of Judge Rutland, Davis, Officer White, Mr. Cole, Ms. Evans, and the other Monticello police officers, this Court does not find that the trial court erred in failing to grant a judgment notwithstanding the verdict.
¶ 64. THE JUDGMENT OF THE LAWRENCE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO TRANSFER OR SELL AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE NOW BEING SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE and SOUTHWICK, JJ., concur.
NOTES
[1] Alan Cole, a forensic scientist of the Mississippi Crime Laboratory, performed two tests on the alleged drug evidence, an ultraviolet spectrophotometry and mass spectometry. Both tests revealed that the drug evidence was cocaine.
[2] Elnora Bryant, his sister, testified that the car belonged to her.
[3] The trial court granted State Instruction 9. It read as follows:

The Court instructs the jury that any evidence of prior bad acts or crimes of the defendant may be considered solely for the purpose of determining the defendant's intent or knowledge in this case. If the defendant has committed bad acts or crimes, they are not evidence corroborating or suggesting that the defendant is guilty of the crime charged in this case.
[4] Bryant was previously arrested and charged with possession with intent to distribute. The instant case involves Bryant's second charge of possession with intent to distribute.