825 So.2d 701 (2002)
Rodney Keith REID, Jr. and Stella Louise Reid, Appellants,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00343-COA.
Court of Appeals of Mississippi.
September 3, 2002.
Robert N. Brooks, Carthage, attorney for appellants.
Office of the Attorney General by Deirdre McCrory, Jackson, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. This is an appeal of two convictions from the Circuit Court of Scott County, Judge Marcus D. Gordon presiding. Rodney Keith Reid was convicted of possession of less than one ounce of marijuana and possession of precursor chemicals with intent *702 to manufacture methamphetamine. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections and a fine of $250. Stella Louise Reid was found guilty of possession of methamphetamine and sentenced to serve fourteen years in the custody of the Mississippi Department of Corrections. They are now appealing their convictions and sentences asserting that the court committed reversible error when it overruled their motion to suppress.

FACTS
¶ 2. Mississippi Bureau of Narcotics Agent Jimmy Nichols applied for a search warrant on March 7, 2002, for two locations. The warrants were for dwellings located at 120 and 160 Moody Road and occupied by Stella and Rodney Reid. In his affidavits for the warrants, Officer Nichols cited numerous factors that led him to seek the warrants. He mentioned that for several years he and other law enforcement agencies watched the Reids and the activity on the property. In addition, he sought these warrants when a confidential informant, whom he felt was reliable, supplied him crucial information. The informant claimed to have been in the home of Rodney Reid the day before and had witnessed a drug transaction between Rodney Reid and another individual.
¶ 3. The warrants were issued by Judge David Clark, Chancery Judge for Scott County. The searches yielded several precursors used for the manufacture of methamphetamine in addition to small quantities of marijuana and paraphernalia used to consume both drugs.
¶ 4. During the trial, the jury was excused when the motion was made to suppress the search warrants and their results. The Reids assert that there was not sufficient probable cause to merit the issuance of the two warrants. Judge Gordon disagreed and the motion to suppress was denied.

STANDARD OF REVIEW
¶ 5. When reviewing a trial court's ruling on a suppression hearing, we must assess whether substantial credible evidence supports the trial court's finding considering the totality of the circumstances. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999), citing Magee v. State, 542 So.2d 228, 231 (Miss.1989). The admissibility of evidence lies within the trial court's discretion and will only be reversed if this discretion is abused. Crawford v. State, 754 So.2d 1211, 1215(¶ 7) (Miss.2000). "The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence." Johnston v. State, 567 So.2d 237, 238 (Miss.1990).

DISCUSSION
¶ 6. Reid and his mother assert that Judge Clark was not provided probable cause to issue the search warrants for their property. The underlying facts and circumstances and the affidavits for search warrants were submitted to Judge Clark by Officer Nichols. Nichols testified that his last conversation with his informant led him to seek the warrants. He acted on this informant's information because the informant had proven to be reliable. The issuing judge was to make a
practical common sense decision whether, given all the circumstances set forth in the affidavit ... including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Bryant v. State, 746 So.2d 853, 859 (¶ 11) (Miss.Ct.App.1998); Lee v. State, 435 So.2d 674, 676 (Miss.1983).
*703 ¶ 7. The warrants indicated that the Reid properties at 120 and 160 Moody Road were both located on one tract of land. Rodney was said to live in one residence and his mother to live in the other. Some of the information given Officer Nichols was that Rodney lived in his mother's home and used the other location as a storage facility. Also mentioned was the surveillance by other officers and agencies as well as tips from various confidential informants, particularly the last one that pushed Nichols to seek the warrants.
¶ 8. "The determination of whether probable cause supports the issuance of a search warrant requires that this Court consider the `totality of the circumstances.'" Id.
¶ 9. The judge stated that he overruled the motion because of Officer Nichols' testimony that he obtained information regarding suspicious activity at the Reid property. The court found that when the information was viewed as a whole, it provided a substantial basis for probable cause. We find no abuse of discretion as substantial credible evidence supports the trial court's findings.
¶ 10. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF RODNEY KEITH REID OF POSSESSION OF MARIJUANA AND PRECURSOR CHEMICALS WITH INTENT TO MANUFACTURE METHAMPHETAMINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $250 IS AFFIRMED.
¶ 11. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF STELLA LOUISE REID OF POSSESSION OF METHAMPHETAMINE AND SENTENCE OF FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.