IRVING, P.J.,
for the Court:
¶ 1. An Oktibbeha County jury found Sam West Lee guilty of Count I, shooting into a dwelling; Count II, shooting into a dwelling; and Count III, burglary of a dwelling with the intent to commit an assault. The circuit court sentenced Lee to eight and ten years, respectively, for the two counts of shooting into an occupied dwelling, and to fifteen years for the burglary count, with the sentence in Count III to run consecutively to the sentence in Count II, and the sentence in Count II to run consecutively to the sentence in Count I. All sentences were ordered to be served in the custody of the Mississippi Department of Corrections. Lee filed a motion to dismiss for lack of a speedy trial, which the circuit court denied. Feeling aggrieved, Lee appeals and argues that his constitutional right to a speedy trial was violated.
¶2. We agree with the circuit court that Lee’s constitutional right to a speedy trial was not violated; therefore, we affirm the judgment of the circuit court.
FACTS
¶ 3. On August 31, 2010, Lee was arrested and charged with burglary. He was released on bond, but was charged with another crime and went back to jail on November 3, 2010. Lee was initially indicted for burglary on January 14, 2011.[1] He was reindicted on July 20, 2011, and was served with the new indictment on July 26, 2011. Under the new indictment, Lee was charged with two counts of shooting into an occupied dwelling and one count of burglary with the intent to commit an assault. Lee waived arraignment on July 27, 2011. The trial was set for October 31, 2011.[2] However, the trial was continued to January 25, 2012, at the request of the State due to its failure to subpoena a necessary witness, an alleged victim of the crime. On November 8, 2011, Lee wrote a letter to the circuit clerk requesting a speedy trial.
¶ 4. On January 25, 2012, the case was continued to April 18, 2012, because the court was conducting a civil trial on January 25. On April 18, 2012, the court entered an order for a continuance at the behest of the State because the prosecutor who was originally assigned to the case was involved in another trial. This continuance was unopposed by the defense. The case was reset for April 30, 2012. On April 23, 2012, Lee filed a motion to dismiss, alleging that his right to a speedy trial was violated. The circuit court denied his motion to dismiss, finding that Lee’s right to a speedy trial had not been violated. Lee went to trial on April 30, 2012.
¶ 5. Additional facts, as necessary, will be related in the analysis and discussion of the issue.
*837 ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Lee argues that his “constitutional ] right to a speedy trial [was] violated by a 608-day delay[,] and [that] the court incorrectly found that the Barker [3] factors weighed in favor of the prosecution.” We review a defendant’s motion to dismiss de novo. McLendon v. State, 945 So.2d 372, 382 (¶ 26) (Miss.2006).
¶ 7. Article 3, Section 23 of the Mississippi Constitution of 1890 provides an accused with the right to a “speedy and public” trial. “A formal indictment or information or an arrest — whichever first occurs — triggers the constitutional right to a speedy trial.” McBride v. State, 61 So.3d 138, 142 (¶ 8) (Miss.2011) (citations omitted). “In Mississippi, a delay of more than eight months is presumptively prejudicial.” Id. at (¶ 7). When a delay is presumptively prejudicial, a full Barker analysis is warranted. Id. The Barker analysis consists of four factors: “(1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) prejudice to the defendant.” Id. at (¶ 5) (citing Barker, 407 U.S. at 530, 92 S.Ct. 2182). After “considering all of the [Barker] factors under the totality of the circumstances and the evidence against [the defendant],” we may find that “the initial presumption of prejudice has been overcome and [that] no violation of [the defendant’s] right to a speedy trial has resulted.” Bryant v. State, 746 So.2d 853, 866 (¶ 54) (Miss.Ct.App.1998).

I. Length of Delay

¶8. Lee was arrested on August 31, 2010. He was not tried until April 23, 2012, a year and nearly seven months after his arrest, which makes the delay between his arrest and his trial presumptively prejudicial. Consequently, we examine the remaining Barker factors to determine whether Lee suffered actual prejudice.

II. Reason for the Delay

¶ 9. Lee argues that because he was not the cause of any of the continuances, the circuit court erred in finding that he had not been denied his constitutional right to a speedy trial. The burden is on the prosecution “to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons.” McBride, 61 So.3d at 142 (¶ 9) (citation omitted). “A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government, whereas a more neutral reason such as negligence or overcrowded courts should be weighted less heavily[.]” Id. (citations and internal quotation marks omitted). “As a general rule, delays resulting from docket congestion are to be weighed against the State, but not heavily.” Stevens v. State, 808 So.2d 908, 916 (¶ 20) (Miss.2002) (citations omitted).
¶ 10. The circuit court determined that none of the continuances were attributable to the State, other than the motion for a continuance for an absent witness, which the court found was “good cause” because the witness was not subpoenaed. However, we find that out of the five continuances, three of them are undeniably attributable to the State, as they occurred as a direct result of the State’s requests. Two of the continuances resulted from the court’s overcrowded dockets and must also be attributed to the State, but not heavily. See id. Although the circuit court erred in declaring that none of the continuances were attributable to the State, there is no evidence of a deliberate attempt on behalf of the State to hin *838 der the defense. Thus, this factor weighs slightly against the State.

III. Assertion of Bight

¶ 11. The circuit court correctly found that on April 23, 2012, Lee had asserted his right to a speedy trial, as he had filed a motion to dismiss the case, arguing that he had been denied his right to a speedy trial. We agree with the circuit court that this factor weighs in Lee’s favor.

TV. Prejudice

¶ 12. Lee argues that the delay impaired his ability to defend himself. More specifically, he argues that he was prejudiced because he and his wife took pictures of his car on the night that the offense occurred to show that his car had several bullet holes, proving that he was not the shooter and was instead being shot at by one of the alleged victims. He claims that the pictures were lost when his wife had to move from their home as a result of his incarceration.
¶ 13. The Mississippi Supreme Court has held that “[p]rejudice is assessed in the light of the interests that the speedy-trial right is trying to protect. Those interests are: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.” McBride, 61 So.3d at 145 (¶ 24) (citing Barker, 407 U.S. at 532, 92 S.Ct. 2182) (internal citation and quotation marks omitted). “If the defendant fails to show actual prejudice to his defense, this prong of the Barker balancing test cannot weigh heavily in his favor.” Ginn v. State, 860 So.2d 675, 684 (¶ 26) (Miss.2003) (quoting De La Beckwith v. State, 707 So.2d 547, 567 (¶65) (Miss.1997)).
¶ 14. During the hearing on Lee’s motion to dismiss, Lee argued that although the investigating officer took pictures of his car on the night that the offense occurred, those pictures only showed one bullet hole in his car, while the pictures that he took—and lost due to his incarceration—showed two bullet holes in the car. Because the State possessed photos of Lee’s car that showed a bullet hole, the court found that there was not “much prejudice.” The court also noted during the hearing that the defense would be allowed to question the law enforcement officer who took the photos of Lee’s car that night.
¶ 15. During the trial, Lee’s counsel did not question the law enforcement officer who took those photos. The officer testified on direct examination that he found one live round of ammunition on the back floorboard of the car and another live round of ammunition near one of the car’s tires. There is no evidence that there was an additional bullet hole from the incident, as Lee alleges. Even if there were an additional bullet hole in Lee’s vehicle, this evidence alone is not sufficient to prove that Lee was not shooting at anyone on the night of the incident. Consequently, we cannot find that Lee suffered actual prejudice.
¶ 16. “[I]t is well-established that the speedy-trial right is an important safeguard to prevent prejudice to the defendant and his defense[.]” Johnson v. State, 68 So.3d 1239, 1246 (¶20) (Miss.2011). “[W]here the delay is neither intentional nor egregiously protracted, and there is an absence of actual prejudice to the defense, the balance is struck in favor of rejecting a speedy[-]trial claim.” Stevens, 808 So.2d at 918 (¶ 29). After examining the Barker factors, we find that the presumption of prejudice has been overcome, as Lee suffered no actual prejudice; therefore, Lee’s *839 one year and nearly seven-month delay did not violate his constitutional right to a speedy trial.
¶ 17. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SHOOTING INTO A DWELLING, AND SENTENCE OF EIGHT YEARS; COUNT II, SHOOTING INTO A DWELLING, AND SENTENCE OF TEN YEARS; AND COUNT III, BURGLARY WITH INTENT TO COMMIT AN ASSAULT, AND SENTENCE OF FIFTEEN YEARS, WITH THE SENTENCE IN COUNT III TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT II, AND THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES AND JAMES, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The first indictment is not in the record; however, the parties agree that the trial was originally set for April 21, 2011, but was reset for August 2, 2011, because the State needed additional time to correct a factual error in the indictment. .

. The transcript indicates that the trial was reset again from August 2, 2011, to October 18, 2011, because the court was hearing a murder trial on August 2. Although the parties state that the trial was set for October 18, 2011, the order in the record indicates that the trial was set for October 31, 2011.

. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).