KING, C.J.,
for the Court.
¶ 1. Marvin Richardson was convicted of two counts of murder in the Circuit Court of Washington County and sentenced to two consecutive sentences of life imprisonment without eligibility for parole due to his status as an habitual offender.
¶2. On appeal, Richardson raises the following issues:
I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT OF AN ACQUITTAL IN BOTH THE CONCLUSION OF THE STATE’S CASE AND CONCLUSION OF THE DEFENSE, AND LIKEWISE, ERRED IN OVERRULING APPELLANT’S MOTION FOR A NEW TRIAL, OR FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, AS SUCH VERDICT WAS CONTRARY TO THE LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. WHETHER THE TRIAL JUDGE WAS IN ERROR IN ADMITTING INTO EVIDENCE PHOTOGRAPHS OF THE CRIME SCENE WHICH APPELLANT CONTENDS SHOULD NOT HAVE BEEN ADMISSIBLE AS PREJUDICIAL AND INFLAMMATORY AND ALLOWED INTO EVIDENCE AUTOPSY PHOTOGRAPHS.
III. WHETHER REVERSIBLE ERROR WAS COMMITTED IN PERMITTING THE TESTIMONY OF A CHILD WHO WAS FOUR YEARS OLD AT THE TIME ABOUT WHICH HE TESTIFIED.
IV. WHETHER THE APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE TRIAL OF THIS CAUSE.
¶ 3. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 4. On November 30, 2000, the appellant came to the Hollandale Police Department and indicated that something was wrong with his family. When the police arrived at Richardson’s home, they found the bodies of Cynthia Richardson, the appellant’s ex-wife, and Kamisha Lee, the appellant’s daughter. Richardson’s four-year-old son, Oliver Richardson, was found under the covers in his bed and removed from the house.
¶ 5. At the scene, Richardson was pacing nervously, and it was noticed that he had blood on his left pant leg and was bleeding from both hands. Richardson stated that he had been running and had fallen while running from a dog. Richardson was taken into custody by the police.
¶ 6. Numerous witnesses placed Richardson at or near the crime scene. Over objection from Richardson, his then six-year-old son was allowed to testify as to the events which happened when he was four years old. Oliver Richardson testified that he was in bed the whole time and saw nothing. He did, however, testify that his father, the appellant, was in the house and hitting his sister with his fists.
*762 ¶ 7. Richardson did not testify. The jury found him guilty of both counts of murder. He was sentenced as an habitual offender to two life sentences without the possibility of parole to be served consecutively.
DISCUSSION

I. Weight of the evidence, motion for new trial:

¶ 8. On appellate review, the State is “entitled to the benefit of all favorable inferences that may be reasonably drawn from the evidence.” Jackson v. State, 580 So.2d 1217, 1219 (Miss.1991).
¶ 9. A motion for new trial is within the sound discretion of the trial judge, who should grant the motion only if the verdict is contrary to the law or weight of the evidence or where it is required in the interest of justice. Rogers v. State, 796 So.2d 1022, 1030(¶ 26) (Miss.2001).
¶ 10. The facts and the reasonable inferences support the court’s decision to submit the case to the jury and to not disturb the verdict. The facts place the appellant at the murder scene and the testimony of his son places him in the house at the time. It was for the jury to determine whether the testimony was credible. There was no abuse of discretion in not granting the motion for a new trial.
¶ 11. There is no merit to this issue.

II. Admission of autopsy photos and photos of crime scene

¶ 12. Admitted were a single autopsy photo of Cynthia Richardson, showing the lethal injury to her neck; two autopsy photos of Kamisha Lee, showing the lethal stab wounds to her back; and three photos of the crime scene.
¶ 13. The admissibility of photographs rests within the sound discretion of the trial court and will not be overruled unless there was an abuse of discretion. Simmons v. State, 805 So.2d 452, 485(¶ 80) (Miss.2001), citing Gray v. State, 728 So.2d 36, 57 (Miss.1998). “The discretion of the trial judge runs toward almost unlimited admissibility....” Simmons, 805 So.2d at 485(¶ 80).
¶ 14. The photos were clearly probative and admissible. They served to supplement and illustrate the testimony as to the crimes and the crime scene. “Photos of the victim have evidentiary value when they aid in describing the circumstances of the killing, the location of the body, the cause of death or supplement a witness’s testimony.” Id. There was no abuse of discretion and no reversal error.

III.Admission of Oliver Richardson’s testimony.

¶ 15. The court allowed six-year-old Oliver Richardson to testify after he was examined by the court and by both counsel in chambers. It was determined that the child knew the difference between a lie and the truth and that he understood he was to tell the truth on the witness stand. The trial judge made extensive findings and conclusions to support her ruling to allow the testimony.
 ¶ 16. “The determination of the competency of a witness is made at the discretion of the trial judge.” Renfrow v. State, 863 So.2d 1047, 1052(¶24) (Miss.Ct. App.2004). “Every person is assumed competent to testify.” Id., citing Barnett v. State, 757 So.2d 323, 328(¶ 13) (Miss.Ct. App.2000). It would be difficult to find that the court abused its discretion in allowing the child to testify. It would be for the jury to determine the weight and credibility of the witness’s testimony.
¶ 17. There is no merit to this assignment of error.

*763
IV. Ineffective Assistance of Counsel.

¶ 18. The standard utilized to determine whether counsel in ineffective, is found in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It requires a showing that counsel’s performance was deficient and that the deficiency prejudiced the appellant. In this case, the appellant provides a list of eleven alleged errors on the part of counsel, but does not provide any details as to how he was prejudiced by these alleged errors. Four of these allegations concern the testimony and statement given by the appellant’s son, Oliver Richardson, and another concerns the photographs which were admitted into evidence.
¶ 19. Under the Strickland test, “the failure to file certain motions, call certain witnesses, ask certain questions or made certain objections fall within the ambit of trial strategy.” Pierce v. State, 860 So.2d 855(¶25) (Miss.Ct.App.2003). This would include the decision whether or not to make an opening statement, one of the errors Richardson claims his counsel made. Bums v. State, 813 So.2d 668(¶ 29) (Miss.2001). Many of the appellant’s contentions fail under this rule.
¶ 20. The remainder of the appellant’s contentions are directly contradicted by the record. Counsel did object to the testimony of Oliver Richardson and did object to the introduction of the photos. Other arguments, such as the lack of preparation for trial and that counsel “did not even know” that certain witnesses would be called, are not supported by the record before the Court.
¶ 21. The allegations by Richardson are insufficient to support an argument that his counsel provided ineffective assistance.
¶ 22. Finding no reversal error, the Court affirms the judgment of the circuit court.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF COUNT I MURDER AND SENTENCE OF LIFE IMPRISONMENT, AS AN HABITUAL OFFENDER, AND COUNT II MURDER AND SENTENCE OF LIFE IMPRISONMENT, AS AN HABITUAL OFFENDER, TO BE SERVED CONSECUTIVELY TO THE SENTENCE IN COUNT I ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.